UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BILLIE JEAN BURNSED

    Plaintiff,

v.                                                       Case No. 6:12-cv-91 -ORL-22TBS

NGA FAI CHEUNG-SUNG,

    Defendant.
_____/

## ORDER

Pending before the Court is Plaintiff's Motion for Order Directing Clerk to Issue Summons for Defendant (Doc. 15). For the following reasons, the motion is due to be denied.

On January 23, 2012, the Clerk of Court issued a summons directed to the Defendant. (Doc. 2). The summons includes a Post Office box address for the Defendant. (Id.) Plaintiff failed to serve Defendant and on June 1, 2012 the Court ordered Plaintiff to show cause why this case should not be dismissed for want of prosecution for failure to comply with Federal Rule of Civil Procedure 4(m). (Doc. 7). Rule 4(m) states that a Plaintiff must serve a defendant within 120 days after the Complaint is filed. Plaintiff responded that she was trying to ascertain Defendant's address to serve Defendant, because Defendant's only known address was the P.O. box. (Doc. 10). The Court has granted Plaintiff two extension of times, first until July 23, 2012 (Doc. 11) and then until August 6, 2012 (Doc. 14), to file her return of service.

Plaintiff states that she has recently discovered a street address for Defendant however, it appears she believes the issued summons cannot be utilized because it includes the P.O. box, not the street address. (Id.) Now, Plaintiff asks the Court to direct the Clerk to issue a new summons which includes the street address.

The Court is puzzled as to why Plaintiff asserts that she cannot serve Defendant until a new summons is issued. Plaintiff has failed to provide a memorandum of law, in violation of Local Rule 3.01(a) and has also failed to provide any explanation of her argument. Rule 4 of the Federal Rules of Civil Procedure does not require that a plaintiff provide a defendant's address on a summons.[1] And, Rule 4 does not require that a defendant be served at the address printed on the summons; indeed, Rule 4 explicitly provides alternative locations at which a process server may serve a defendant. Finally, Plaintiff does not allege that the issued summons contains any error requiring correction. Therefore, the Court does not understand why Plaintiff requires a new summons and her Motion for Order Directing Clerk to Issue Summons for Defendant is **DENIED**.

**IT IS SO ORDERED**.

---

[1] Rule 4 of the Federal Rules of Civil Procedure governs the service of process on an individual. Rule 4 provides that a summons must name the court and the parties, be directed to the defendant, state the name and address of the plaintiff's attorney or--if unrepresented--of the plaintiff, state the time within which the defendant must appear and defend, notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint, be signed by the clerk, and bear the Court's seal. Fed. R. Civ. P. 4(a)(1). Rule 4 also states that an individual may be served personally, or by leaving a copy of the summons and the complaint at the individual's dwelling with someone of suitable age, or by delivering a copy of the summons and complaint to an agent authorized by appointment or law to receive service of process. Fed. R. Civ. P. 4(e).

DONE AND ORDERED in Orlando, FL on July 26, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copy to Plaintiff's Counsel.